**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01121-REB-MJW

STUBBVO PARTNERS, LLC, d/b/a GLOBAL TROPICAL IMPORTS,

      Plaintiff,

v.

OOCL (USA), INC.,
ORIENT OVERSEAS CONTAINER LINE, LIMITED, and
ORIENT OVERSEAS (INTERNATIONAL) LIMITED,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
TO STATE COURT AND AWARDING
ATTORNEY FEES**

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion for Remand to State Court and for Award of Costs, Expenses and Attorneys' Fees** [#7], filed June 18, 2008.  I grant the motion.

## I.  JURISDICTION

      I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

      Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  Where the basis of removal is allegedly diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest,

costs, and attorney fees.  ***See*** 28 U.S.C. § 1332.  These facts "must be affirmatively established on the face of either the petition or the removal notice ."  ***Laughlin v. Kmart Corp.***, 50 F.3d 871, 873 (10th Cir. 1995).  Because plaintiff's complaint does not recite a specific dollar amount of recovery sought, the burden is on defendants to establish by a preponderance of the evidence that the jurisdictional amount is satisfied.  ***Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.  ANALYSIS

This is an action for breach of contract and negligence in connection with the international shipment of items of antique furniture that were damaged in transit to plaintiff's place of business in Denver, Colorado.  Plaintiff filed suit against defendants in Colorado state district court for the value of the damaged items and other special damages.  Defendants removed the case to this court based on diversity of citizenship.  Therein, it alleged in conclusory fashion that the amount in controversy "is believed to be in excess of $75,000, exclusive of interest, costs, and attorney fees."  (Defendant's Notice of Removal ¶ 6 at 2.)  Plaintiff now seeks to remand, arguing that the amount in controversy does not exceed the jurisdictional minimum.

In support of its motion, plaintiff has submitted a bare-bones affidavit stating that it provided defendants' insurance representatives well in advance of the filing of this lawsuit an itemized list of the damaged items and that the total amount of loss claimed did not exceed $75,000.  (***See*** Plf. Motion App., Exh. A ¶¶ 3-4 at 1-2.)[1]  Defendants

---

[1] Although plaintiff also made claim for various items of special damage (***see*** Complaint ¶¶ 31-38 at 5-6), defendants' failure to respond to the motion to remand makes it impossible to say that these additional damages cause the amount in controversy to exceed the jurisdictional minimum.

have failed to respond to the motion, and, thus, have not satisfied their burden of proof to demonstrate that the amount in controversy exceeds the jurisdictional minimum for federal diversity jurisdiction. The motion to remand, therefore, must be granted.

Plaintiff also has requested the attorney fees incurred by it as a result of the removal. In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 114 S.Ct. 1832 (1994). Defendants' failure to respond to the motion for remand gives me no basis on which to find that the removal was even putatively proper. Plaintiff's evidence, which shows that defendants' agents were apprised of the value of the damaged cargo well in advance of suit, suggests that it was not. I, therefore, grant plaintiff's request for attorney fees, although I discount those amounts requested that were not clearly "incurred as a result of the removal."[2] 28 U.S.C. § 1447(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Remand to State Court and for Award of Costs, Expenses and Attorneys' Fees** [#7], filed June 18, 2008, is **GRANTED**;

2. That this case is **REMANDED** to the District Court for the City and County of Denver, Colorado, where it was docketed initially as Case No. 08cv1535; and

---

[2] I, therefore, have subtracted from the award of attorney fees any amounts attributable to research on unspecified admiralty jurisdiction issues. Similarly, I have discounted by one-half the amount of fees requested for services performed on May 28, 2008, and June 9, 2008, which include time spent on these unrelated matters.

3.  That pursuant to 28 U.S.C. § 1447(c) plaintiff is **AWARDED** attorney fees of $830.00 .

Dated July 29, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**